## LEDOUX et al. *v.* RUCKER.

A sheriff cannot recover under the stat. 10 March, 1845, any compensation for the custody of

·slaves seized vnder an order of seizure and sale, when he never had the actual possession ,of the slaves—never appointed a keeper to them, nor was ever subjected to any expense or trouble ior their safe-keeping, or exercised any supervision over them.

APPEAL from the District Court of West Feliciana, *Lawson,* J. *Phillips* and *J. H. Collens,* for the appellants. *Ratliff* and *Cowgill,* for the sheriff. The judgment of the court was pronounced by

KING, J. Eighteen slaves were seized by the sheriff of West Feliciana, under an order of seizure and sale obtained by *A. Ledoux & Co.,* the execution of which was suspended by an injunction for nearly four years. The sheriff took a rule on the plaintiffs in that proceeding, to show cause why they should not pay him $2,947 50, costs which he alleges have accrued in favor of himself and of his predecessor in office, for the safe-keeping of the slaves while under seizure, being at the rate of twelve-and-a-half cents per day for each slave. A judgment was rendered in favor of the plaintiff in the rule, and *A. Ledoux & Co.* have appealed.

The slaves appear to have been brought temporarily into the parish of West Feliciana, where they were seized, and, immediately after the seizure was effected, one of the defendants in execution was permitted to return them to his plantation, in an adjoining parish, where they have ever since remained under his care. No keeper was appointed for their preservation, and neither the plaintiff nor his predecessor appear to have had the possession or custody of the slaves at any time, from the moment of the seizure to the date of the trial. The officers appear to have been subjected to neither trouble nor expense of any kind for their safe-keeping, and exercised no supervision over them, the slaves having been removed to a different parish.

The testimony in the record shows what the services for keeping the slaves would have been worth, if the sheriff had taken them into actual custody, or appointed a keeper, neither of which was done. This case differs from that of *Découx* v. *The Bank of Louisiana,* recently decided, in which compensation was allowed to a sheriff for services actually performed in keeping slaves under seizure, under the act of 1845, *ante* p.     See *Découx* v. *The Bank of Louisiana,* 2 An. 157. The plaintiff has not, in our opinion, presented a case which entitles him to compensation.

The judgment of the District Court is therefore reversed, and a judgment rendered in favor of the defendants in the rule; the plaintiff paying the costs of both courts.